UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HENRY HERNANDEZ, et al  Plaintiff,  v.  REGINALD WILKINSON, et al.  Defendants | Case No. 1:06CV0158  Judge Gwin  Mag. Judge Gallas  **REVISED AGREED REMEDIAL ORDER** |
|---|---|

This matter is before the Court by agreement of the parties for a revised remedial order regarding those members of the class certified under F. R. Civ. Proc. 23(b) (2). Some members of the agreed plaintiff class were improperly placed on postrelease control (PRC). *See Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126 and cases cited therein. The parties agree that those class members whose sentencing entries do not sufficiently incorporate post-release control are entitled to the remedy of terminating them from PRC and removing the record of post release control from their criminal histories. This revised order corrects a statutory reference, revises the screening criteria in light of recent rulings, and establishes a binding appellate process within this court for those class members who contend that they are entitled to relief but who are not included in relief implemented by defendants.

**THEREFORE**, the Court holds as follows:

1. This remedial order applies to the following class of offenders:

   All persons convicted in Ohio who are or have been supervised on postrelease control at anytime since January 24, 2004.

   See order certifying (b)(2) class, Doc. 28.

2. The parties agree that class members entitled to relief are those who did not have post release control incorporated into their sentencing entries. Defendants agree to complete the screening of all class members for relief according to the following criteria:

   a. Entry refers to PRC without specifics regarding duration. **Sufficient**.
   b. Entry refers to advisement pursuant to R.C. §2967.28. **Sufficient**
   c. Entry refers to PRC of "up to three years," when the statutory term should be five years mandatory. **Sufficient**, but limited by the court's declaration.
   d. Entry refers to PRC, but a designated "sentence imposed" portion does not specifically mention PRC. **Sufficient**
   e. Entry placing offender on community control refers to PRC, but revocation and imprisonment sentencing entry does not. **Sufficient**
   f. Entry sentencing offender refers to PRC, but subsequent resentencing after violation of judicial release does not. **Sufficient**
   g. Entry contains language to the effect that "offender may/will be subject to PRC following imprisonment." **Sufficient**
   h. Entry refers to "any extensions provided by law." **Not Sufficient**.
   i. Entry both accepts a plea and imposes sentence, and notice of PRC appears only in the portion of the entry accepting the plea and is not restated or incorporated into the sentencing portion of the entry. **Not Sufficient.**
   j. Entry references court's compliance with R.C. §2929.19(B)(3) without more. **Not Sufficient**
   k. Entry is silent regarding PRC. **Not Sufficient.**
   l. Entry refers to discretionary PRC even though the offender is required by statute to serve mandatory PRC. **Sufficient.**

   Any disagreement regarding the application of the screening criteria to the sentencing entries of class members shall first be discussed among counsel and a resolution shall be attempted. Individual class members and/or class counsel

2

may appeal the application of the screening criteria to the court within 45 days of receipt of the notice regarding said relief.  The court may assign the magistrate to hear said appeals.  The decision of the court or, if assigned, the magistrate, shall be final and shall not be subject to appeal to the Sixth Circuit Court of Appeals.

3  The class members whose sentencing entries are deemed not sufficient under the screening criteria shall be entitled to the following relief:

> a. <u>Relief without request</u>.  With respect to class members entitled to relief who were on PRC at any time between January 12, 2006 to the present, defendants shall (1) terminate them from PRC; (2) make best efforts to remove or direct third parties to remove from all databases including but not limited to LEADS, NCIC, and all ODRC/APA databases, all records of postrelease control that should not have been imposed on the class members unless said class members request to be excluded from such relief; (3) eliminate and make best efforts to direct third parties to eliminate DNA samples and DNA records that were collected solely as a result of postrelease control that should not have been imposed on the class member.  Defendants' proposed best efforts shall be subject to review by plaintiffs and must be approved by the court.

> b. <u>Relief only on request</u>.  With respect to class members entitled to relief who were terminated from PRC between January 24, 2004 and January 12, 2006, *and only if said class members request such relief*, defendants shall make best efforts to (1) remove or direct third parties to remove from all databases including but not limited to LEADS, NCIC, and all ODRC/APA databases, all records of postrelease control that should not have been imposed on the class member; and (2) eliminate and make best efforts to direct third parties to eliminate DNA samples and DNA records that were collected solely as a result of postrelease control placement that should not have been imposed on the class member, unless said class members request to be excluded from such relief. Defendants' proposed best efforts shall be subject to review by plaintiffs and must be approved by the court.  The parties will agree on a system through which the class members can request relief through class counsel and will not need to make the request directly of defendants.

4. Plaintiffs shall provide notice to those class members terminated from PRC at their last known address in the form attached to this order; costs of such notice shall be paid by defendants. The parties shall provide notice to those class members currently in custody in prisons or other correctional facilities by posting the notice in living units and providing copies of the notice and selected case documents in the law libraries. The parties shall provide notice to those class members currently under APA supervision by posting the notice in the APA offices and by providing copies of the notice to class members at supervision sessions.

5. Defendants shall make available to class counsel on reasonable notice and from time to time all court orders or entries or pieces of paper signed by a judge which the defendants have reviewed in order to determine compliance with their duty to impose PRC on class members consistent with state and federal law.

6. The parties shall cooperate in an effort to establish a uniform statewide system for recording sentences and reviewing sentencing entries before accepting offenders into custody.

## MISCELLANEOUS PROVISIONS

7. This Revised Agreed Remedial Order is binding upon the Defendants named in this lawsuit, the Defendants' successors in office, employees and agents, and the Plaintiffs. This order resolves all issues related to the claims by the class for injunctive and declaratory relief.

4

8. Only the Plaintiff named in this Agreed order shall have standing to file a motion seeking enforcement of any of the terms and conditions of this Agreed order. As class representative, Plaintiff can adequately represent the interest of the class. This Agreed order does not confer, and is not intended to confer, any rights upon any other party.

9. Defendants agree to pay the costs and attorney fees of class counsel for all work and costs expended in the litigation of the claims for injunctive and declaratory relief in this matter. Class counsel shall file a motion for such fees which must be approved by the court. This action is not subject to the Prison Litigation Reform Act.

10. The parties agree that the class representative is performing a valuable service to the class with respect to the claims for injunctive and declaratory relief and, if the claim for damages is not successful, the parties will nonetheless negotiate to determine individual relief for the class representative that fairly reflects his contribution. Such negotiation shall not take place until after the fairness hearing approving this Settlement, so that no conflicts of interest can exist between the class representative and class members.

SO ORDERED

Dated: November 23, 2006        s/ James S. Gwin
                                James Gwin
                                United States District Judge

5

Agreed:

| | |
|---|---|
| /s/ Alphonse A. Gerhardstein | /s/ Janet Hill Arbogast |
| Alphonse A. Gerhardstein | Janet Hill Arbogast |
| Trial Attorney for Plaintiffs | Trial Attorney for Defendants |
| David Singleton | |
| Ohio Justice and Policy Center | |
| Attorneys for Plaintiffs | |