UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                      :

HENRY HERNANDEZ et al.,                :        CASE NO. 1:06-CV-158

           Plaintiffs,                      :

vs.                                            :        OPINION & ORDER
                                               :        [Resolving Doc. Nos. 138, 142, 145]

REGINALD WILKINSON et al.,         :

           Defendants.                    :

                                               :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        With this Opinion and Order the Court considers Plaintiffs' motion to alter or amend its November 27, 2006 Order.  In that Order, the Court gave summary judgment to Defendants on the issue of Plaintiffs' claim for compensatory damages arising from alleged violations of their constitutional rights under Section 1983 of Title 42 of the United States Code ("Section 1983"). [Doc. 136.] In response to Defendants' summary judgment motion, Plaintiffs argue d that the Court should exercise its equitable powers to compel Defendants to reimburse class members for "supervision fees" collected during post-release control. [Doc. 75.] In their instant motion, Plaintiffs correctly note that the Court did not reach the issue in its November 27, 2006 Order. *See* Docs. 138, 142, 145.  After considering the merits of Plaintiffs' motion, the Court finds that Plaintiffs cannot sue these Defendants in their "individual capacity." [Doc. 14.]

        Thus, for the reasons presented below, the Court **DENIES** Plaintiffs' motion to amend or alter the November 27, 2006 Order.

I. Background

Case No. 1:06-CV-158
Gwin, J.

On November 27, 2006, the Court granted summary judgment to the defendants, Terry Collins, Harry E. Hageman, and Cynthia Mauser, (collectively, "Defendants"), as to Plaintiffs' claims for compensatory damages for alleged constitutional violations under Section 1983. [Doc. 136.] In its decision, the Court considered whether the law allowed Plaintiffs to recover civil damages under Section 1983. *Id.* The Court concluded that Plaintiffs – unable to establish their constitutional right to a federal separation of powers protection – could not overcome Defendants' qualified immunity for compensatory damages under Section 1983. *Id.* Having decided this issue, the Court did not address Plaintiffs' claim that Defendants owed them "recovery of all sums paid to defendants as 'supervision fees' as required by the Ohio sentencing statutes or any other costs imposed as a part of [post-release control]." [Docs. 75, 136.]

On December 7, 2006, Plaintiffs moved the Court to alter or amend the November 27, 2006, Order and compel Collins, Hageman, and Mauser to refund certain fees paid by some members of the plaintiff class. [Doc. 138.] Specifically, Plaintiffs invoked Rule 59(e) of the Federal Rules of Civil Procedure to assert their equitable demand that Defendants, sued in their individual capacity, refund supervision fees to those class members who were improperly placed on post-release control. [Docs. 138, 142.] Plaintiffs based their argument on the equitable claims of unjust enrichment and restitution. *Id.*

In addition to their Rule 59(e) motion, Plaintiffs requested the Court issue an injunction enjoining Defendants "from administering the existing [post-release control] supervision fee grievance system in a manner that denies due process to class members." *See* Doc. 145.

Defendants countered that the November 27, 2006 Order forecloses Plaintiffs' equitable claims for restitution of the supervision fees. [Docs. 143, 147.] They characterized Plaintiffs'

-2-

Case No. 1:06-CV-158
Gwin, J.

current motion as one for "money damages" and say that the November 27, 2006 Order and the Eleventh Amendment bar Plaintiffs' recovery of the supervision fees. *Id.*

## II. Legal Standard

Rule 59(e) provides that a party may move a court to alter or amend its judgment within ten days after the entry of the judgment. FED. R. CIV. P. 59(e). A district court may grant a Rule 59(e) motion only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). Parties may not use Rule 59(e) to re-argue issues previously presented or initiate new legal theories. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The doctrine of unjust enrichment is a quasi-contractual theory of recovery which provides that "a person shall not be allowed to profit or enrich himself inequitably at another's expense, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made." *Norton v. City of Galion*, 60 Ohio App. 3d 109, 573 N.E.2d 1208, 1209 (1989). To successfully state a claim of unjust enrichment, a plaintiff must establish "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 465 N.E.2d 1298, 1302 (1984).

Case No. 1:06-CV-158
Gwin, J.

### III. Analysis

Plaintiffs do not demonstrate an adequate basis for the Court to alter or amend the November 27, 2006 Order. In their instant motion, Plaintiffs correctly distinguish between equitable and legal remedies and appear to understand that the Court may exercise its equitable powers to compel restitution in the case of unjust enrichment. However, with their Rule 59(e) request, Plaintiffs simply have the wrong defendants to prevail on their claim.

Plaintiffs sued Defendants Collins, Hageman, and Mauser in their individual capacity. *See, e.g.*, Doc. 14. Presumably to avoid Eleventh Amendment issues, Plaintiffs did not sue any of the defendants in their official capacity and filed no claims as against Ohio. *Id.* As a consequence of these decisions, Plaintiffs cannot show that the class members' payment of any supervision fees unjustly enriched this set of defendants "individually." Unable to establish the elements needed to support their claim for unjust enrichment as against Collins, Hageman, or Mauser, Plaintiffs' motion to alter or amend the November 27, 2006 Order fails.

First, Plaintiffs' payment of supervision fees did not confer benefits on Collins, Hageman, or Mauser. *Hambleton*, 465 N.E.2d at 1302. While these individual administrators may have been involved with policies that directed collection of the fees, they never personally held the monies that Plaintiffs now seek. Instead, presumably, the supervision fees went into the State's "offender financial responsibility fund." As provided by Ohio's law:

> There is hereby created in the state treasury the offender financial responsibility fund. All monies collected by or on behalf of the [Department of Rehabilitation and Correction], [including supervision fees collected from former inmates on post-release control], and all moneys currently in the department's custody that are applied to satisfy the allowable cost debt under this section, shall be deposited into the fund.

OHIO REV. CODE ANN. § 5120.56(I) (2006).

Case No. 1:06-CV-158
Gwin, J.

Thus, where Collins, Hageman, or Mauser did not receive the supervision fees, Plaintiffs conferred no benefit on them and these Defendants were not unjustly enriched.

Second, Plaintiffs do not establish Defendants' awareness of any specific payment of supervision fees by any of the class members. *Hambleton*, 465 N.E.2d at 1302. Plaintiffs say that "Defendants collected 'supervision fees' from many of [the] class members," Doc. 138, but offer no proof that Collins, Hageman, or Mauser participated directly in that collection. Without establishing Defendants' apparent knowledge of any benefit conferred by their supervision fee payments, Plaintiffs fail to establish the second element of unjust enrichment.

Finally, with no benefit conferred and no knowledge by Defendants of any benefit, Plaintiffs logically and factually cannot show that retention of the supervision fees by Collins, Hageman, or Mauser creates unjust enrichment. *Hambleton*, 465 N.E.2d at 1302. Therefore, no injustice to Plaintiffs exists with regard to Defendants Collins, Hageman, or Mauser.

Therefore, the Court cannot order restitution as against Collins, Hageman, or Mauser in their "individual capacity," because they are not profiting or enriching themselves "inequitably at another's expense." *Norton*, 573 N.E.2d at 1209. The Court cannot equitably compel the individual administrators to reimburse Plaintiffs' supervision fees. Therefore, Plaintiffs' motion to alter or amend the November 27, 2006 Order fails as to these individual Defendants.

For similar reasons, the Court will not enjoin Collins, Hageman, and Mauser to "pay[ ] the money back to the class members" that "under state law . . . should not have been collected by these defendants." [Doc. 145.] Without a constitutional claim, the Court will not use Rule 59(e)'s "extraordinary" federal remedy to alter or amend the November 27, 2006 Order. *Plaskon Elec. Materials, Inc.*, 904 F. Supp. at 669. Finally, the Court will not entertain Plaintiffs' novel

Case No. 1:06-CV-158
Gwin, J.

argument that it use this opportunity to "clarify the grievance system so grievances for refunds are entertained." [Doc. 145.] Plaintiffs may not use Rule 59(e) to initiate this new argument. *See, e.g.*, *Engler*, 146 F.3d at 374.

## IV. Conclusion

For these reasons, the Court **DENIES** Plaintiffs' motion to alter or amend the November 27, 2006 Order.

IT IS SO ORDERED.

Dated: January 12, 2007                    s/     *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE