UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
HENRY HERNANDEZ, *et al.*,                      :
                                                :   CASE NO. 1:06-CV-00158
            Plaintiffs,                         :
                                                :
      v.                                        :   OPINION & ORDER
                                                :   [Resolving Doc. No. 185]
REGINALD WILKINSON, *et al.,*                   :
                                                :
            Defendants.                         :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Daniel Nicely appeals the joint determination of class counsel and defense counsel that his sentencing entry was sufficient and did not entitle him to relief from post release control. For the following reasons, this Court **GRANTS** Nicely's appeal and finds the Plaintiff's sentencing judgment insufficient to impose post release control.

On June 2, 2006, the Court certified this class action challenging the imposition of post release control for a group of Ohio state prisoners who claimed that their sentencing judgments provided no notice of post release control. [Doc. 28.] This Court directed class to screen out, as ineligible for relief, class members whose sentencing judgment explicitly imposed post release control. [Doc. 134.] The Court then granted a two-step appeal to class members deemed ineligible. [Doc. 134.] Class counsel and defense counsel would first review such appeals together and affirm or revise prior eligibility determinations. Class members were then permitted an appeal of that joint

-1-

Case No. 1:06-CV-00158
Gwin, J.

determination to this Court. The Court stated that its opinion and order on this second appeal "shall be final and shall not be subject to appeal to the Sixth Circuit Court of Appeals." [Doc. 134 at ¶ 2.] Deemed ineligible for relief by class counsel and defense counsel, Nicely files the instant appeal in this Court. At the time of his appeal, Nicely says he has served all but about 38 months of his ten-year sentence and has been told by the Correction Institution case managers that he faces post release control.

The Ohio Supreme Court has held that a trial court must notify the defendant of post release control for the Parole Authority to then impose any period of post release control. *See Watkins v. Collins*, 857 N.E.2d 78, 86 (Ohio 2006) (citing *Hernandez v. Kelly*, 844 N.E.2d 301 (Ohio 2006) and *Adkins v. Wilson*, 852 N.E.2d 749 (Ohio 2006)). The court has also clarified that a sentencing judgment noting the option or possibility of post release control sufficiently authorizes such post release control. *Id.* ("A reasonable person in the position of any of the petitioners would have had sufficient notice that postrelease control could be imposed following the expiration of the person's sentence."). Because the sentencing trial court speaks through its record, *Odekirk v. Ryan*, 85 F.2d 313, 315 (6th Cir. 1936), this Court looks to the Plaintiff's sentencing judgment to evaluate whether the court gave sufficient notice of post release control.

Plaintiff Nicely has shown that his sentencing judgment was deficient. The court of common pleas sentencing judgment does not mention of any period of post release control. The imposition, or even the possibility, of post release control as part of Nicely's sentence is absent from the record. The judgment entry merely notes that Nicely had "been given notice under R.C. 2929.19(B)(3)." Section 2929.19(B)(3) of the Ohio Revised Code requires notice of post release control. O.R.C. 2929.19(B)(3)(d). However, it also requires imposition of a mandatory prison term, O.R.C.

-3-

Case No. 1:06-CV-00158
Gwin, J.

2929.19(B)(3)(a), explicit reference to the offense to be punished and whether the sentence is to be served consecutively or concurrently, O.R.C. 2929.19(B)(3)(b), and various drug warnings, O.R.C. 2929.19(B)(3)(f). This Court thus finds that such a general reference to O.R.C. 2929.19(B)(3) does not provide sufficient notice of post release control. Absent a re-sentencing prior to release that properly imposes post release control, the Court finds the Plaintiff's sentencing judgment insufficient to impose post release control.

       IT IS SO ORDERED.


Dated: October 13, 2010                          s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE