UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
:
HENRY HERNANDEZ, *et al.*, : CASE NO. 1:06-CV-00158
:
Plaintiffs, :
: OPINION & ORDER
: [Resolving Doc. Nos. 159, 160, 161, 162,
v. : 163, 164, 165, 166, 167, 170, 171, 172,
: 173, 174, 175, 176, 177, 178, 180, 181,
: 182, 184]
REGINALD WILKINSON, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This group of Plaintiffs appeal the joint determination of class counsel and defense counsel that their sentencing entries were sufficient and did not entitle them to relief from post release control. For the following reasons, this Court **DENIES** Plaintiffs' appeals.

On June 2, 2006, the Court certified this class action challenging the imposition of post release control for a group of Ohio state prisoners who claimed that their sentencing judgments provided no notice of post release control. [Doc. 28.] This Court directed class counsel to screen out, as ineligible for relief, class members whose sentencing judgment properly imposed post release control. [Doc. 134.] The Court then granted a two-step appeal to class members deemed ineligible. [Doc. 134.] Class counsel and defense counsel would first review such appeals together and affirm or revise their prior eligibility determinations. Class members were then permitted an appeal of that

-1-

Case No. 1:06-CV-00158
Gwin, J.

joint determination to this Court. The Court stated that its opinion and order on this second appeal "shall be final and shall not be subject to appeal to the Sixth Circuit Court of Appeals." [Doc. 134 at ¶ 2.] Deemed ineligible for relief at the first stage of appeal, Plaintiffs Preece, Thompson, Reed, Coit, Watkins, Figueroa, Dewitt, Tarr, Thrash, Byrd, Johnson, Pearson, Lemaster, Draper, Stoops, Yates, Conn, Wells, Payne, Donald, Numbers, and Small file the instant appeals in this Court.

The Ohio Supreme Court has held that a trial court must notify the defendant of post release control for the Parole Authority to impose any period of post release control. *See* Watkins v. Collins, 857 N.E.2d 78, 86 (Ohio 2006) (citing *Hernandez v. Kelly*, 844 N.E.2d 301 (Ohio 2006) and *Adkins v. Wilson*, 852 N.E.2d 749 (Ohio 2006)). The court has also clarified that a sentencing judgment noting the option or possibility of post release control sufficiently authorizes post release control. *Id*. ("A reasonable person in the position of any of the petitioners would have had sufficient notice that postrelease control could be imposed following the expiration of the person's sentence."). Because the sentencing trial court speaks through its record, Odekirk v. Ryan, 85 F.2d 313, 315 (6th Cir. 1936), this Court looks to the Plaintiffs' sentencing judgments to evaluate whether the court gave sufficient notice of post release control.

In this case, these Plaintiffs have not shown their sentencing judgments to be deficient. As to each of these Plaintiffs, the court of common pleas sentencing judgment explicitly imposed a period of post release control or indicated the possibility of post release control. Therefore, this

-3-

Case No. 1:06-CV-00158
Gwin, J.

Court finds that the Plaintiffs' sentencing judgments gave proper notice of post release control and **DENIES** their appeals.

      IT IS SO ORDERED.


Dated: October 13, 2010             s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE